UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTAL BOX ROBISON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>    Defendant. | CASE NO. 23-cv-216<br><br>ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Plaintiff Kristal Box-Robison's and Defendant Allstate Fire And Casualty Insurance Company's motions to compel. Dkt. Nos. 24, 32. For the reasons explained below, the motions are GRANTED in part and DENIED in part.

## 2.  BACKGROUND

A separately filed order this same day addresses Allstate's summary judgment motion and the underlying facts of this case. Box-Robison moved to compel on November 6, 2023. Dkt. No. 24. She contends Allstate has failed to provide her with satisfactory responses to her written discovery despite discovery letters and

ORDER - 1

conferences. *Id.* at 2-3. On December 7, 2023, Allstate moved to compel. Dkt. No. 32. Allstate argues Box-Robison's responses to its written discovery are lacking and self-serving. *See id.* Like Box-Robison, Allstate cites communications between the parties regarding discovery disputes, including telephone calls, emails, discovery letters, and conferences. *See* Dkt. No. 33.

### 3. ANALYSIS

**3.1   Legal Standard.**

Pretrial discovery is given "a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party can be compelled to produce documents and information, but the party seeking discovery must first establish that its requests are relevant. *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 81 (D. Ariz. 2022). The party resisting discovery must show why discovery should not be allowed by "clarifying, explaining, and supporting its objections." *Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015). District courts have broad discretion in determining relevancy and managing discovery. *Avila v. Willits Env't. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Under LCR 37(a)(1), parties must certify that they have met and conferred before bringing a motion compel, including the "date, manner, and participants to

the conference." The Court finds that Box-Robison and Allstate have satisfied the conferral requirement under LCR 37(a)(1).

### 3.2     Box-Robison's motion to compel.

At the start, Box-Robison moves to strike Allstate's general objections. Indeed, courts in this district disfavor the use of prefatory "general objections" that lack any specificity and that are completely untethered from any discovery request. *See, e.g.*, *Homesite Ins. Co. of the Midwest v. Howell,* No. 2:21-CV-01389-JHC, 2022 WL 17601176, at *4 (W.D. Wash. Dec. 13, 2022); *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No. C18-1011 RSM, 2019 WL 2326212, at *4 (W.D. Wash. May 31, 2019)*; Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *7 (W.D. Wash. Mar. 23, 2015)). "Where the responding party provides a boilerplate or generalized objection, the 'objections are inadequate and tantamount to not making any objection at all.'" *Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM (WVG), 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)).

Allstate has presented eight prefatory general objections in laundry-list fashion that do not go to any particular discovery request. The objections are simply boilerplate language that could be cut-and-pasted into any discovery response and they are not enough to preserve any specific objections. Accordingly, the Court OVERRULES Allstate's General Objections No. 1-8.

Box-Robison carries the burden on her motion to compel, and part of that burden is to "identify each disputed discovery request, the response to each request,

ORDER - 3

and an argument why the response is deficient." *Rockemore v. Aguirre*, No. 5:21-00550 VAP (ADS), 2022 WL 18397379, at *1 (C.D. Cal. July 1, 2022). Thus, the Court will only consider the discovery requests Box-Robison specifically identifies in her motion: Interrogatory No. 1, Request for Production No. 1, Request for Production No. 19, Interrogatory No. 8, Interrogatory No. 9, Request for Production No. 11, Interrogatory No. 17, and Request for Production No. 15. Dkt. No. 24 3-5.

**Interrogatory No. 1.** Box-Robison states that "Allstate has refused to disclose any of the personnel files for the Allstate employees who handled Ms. Box-Robison's claim, documents relating to incentive and bonus programs." Dkt. No. 24 at 8. Box-Robison's Interrogatory No. 1 requests information related "to each employee of defendant who adjusted, advised, consulted, investigated . . . or did any work whatsoever regarding the claims made by Plaintiff . . ." Dkt. No. 25-2 at 4. In response to Box-Robison's Interrogatory No. 1, Allstate names two employees, Jodi Patterson and Amy Brownell, and refers Box-Robison to "the claim file for Plaintiff's underinsured motorist ("UIM") claim" that it purported to produce with its responses. *Id.* at 5. Box-Robison does not detail why Allstate's response to Interrogatory No. 1 is insufficient, and therefore, this request is DENIED.

**Request for Production No. 1.** Box-Robison also requested documents relating to each individual identified in Interrogatory No. 1, including, performance evaluations, history of salary and promotions, "company or company sponsored educational courses," organizational charts, job descriptions, and "[l]etters of complaint received by Defendant regarding the person." Dkt. No. 25-2 at 5. Allstate

objected and stated, "Allstate is not producing any materials in response to this request for production at this time." Dkt. No. 25-2 at 6.

Box-Robison points out that Allstate "refused to disclose any of the personnel files for the Allstate employees who handled" her claim. Dkt. No. 24 at 8. Allstate argues Box-Robison seeks irrelevant information in the form of personnel files, and identifies Jodi Patterson, Amy Brownell, and Rachelle Mead as "the only people who took a substantive role in handling and evaluating Plaintiff's UIM claim." Dkt. No. 28 at 5. Allstate did not identify Mead in its responses to Box-Robison's Interrogatory No. 1. *See* Dkt. No. 25-2 at 6. Allstate refused to produce any documents for Patterson, Brownell, and Mead, whom Allstate appears to have failed to initially disclose in response to Box-Robison's Interrogatory No. 1. *See id*.

Box-Robison's request is overbroad to the extent that it seeks the entire personnel files of Patterson, Brownell, and Mead. Indeed, information about their retirement benefits and healthcare or insurance status has no relevance to the claims or defenses at issue. But documents that may be found in their personnel files related to performance evaluations, promotions/demotions, educational courses attended or reviewed, job descriptions, complaint letters, and reporting structures have some tendency to prove or disprove Box-Robison's claims that Allstate conducted an unreasonable investigation before "denying" her claim.

Thus, Box-Robison's request to compel production in response to Request For Production No. 1 is GRANTED in part. Allstate must produce documents for Patterson, Brownell, and Mead in response to Request For Production No. 1.

**Request for Production No. 19.** Box-Robison requests employment records for Jodi Patterson, including "[s]pecial achievement memos," "[p]erformance counseling memos," "[p]erformance evaluations," "training" and "education material reviewed relative to UIM claims handling practices," and "disciplinary notices/actions/memos." Dkt. No. 25-2 at 27. Allstate objected that Box-Robison's request was "overly broad, unduly burdensome, not proportional to the needs of the case" and seeking irrelevant information, and stated it was not producing "any documents in response to this request." Dkt. No. 25-2 at 27-8. Allstate did not object that this specific request is vague and has acknowledged that Patterson worked on Box-Robison's claim. *See* Dkt. No. 12. This request could lead to information relevant to Box-Robison's claim, including evidence of Allstate's knowledge of Patterson's diligence in handling claims as well as her training for UIM claims. Box-Robison's request is GRANTED and Allstate must supplement its response to the extent the requested documents exist and are in its possession.

**Interrogatory No. 8.** Box-Robison asks Allstate to list any lawsuit it has been a party to in the last 10 years for "bad faith, consumer protection violations and/or breach of contract relating to underinsured motorist (UIM) coverage . . ." Dkt. No. 25-2 at 11. Allstate's objection that Box-Robison requests irrelevant and privileged information related to whether it has been a party to a lawsuit is not well taken. The Court agrees, however, that the request is overbroad as written.

Accordingly, Box-Robison's motion is GRANTED in part: Allstate must identify the party names, cause number, and venue for all lawsuits filed in Washington against Allstate involving bad faith, consumer protection violations or

ORDER - 6

breach of contract claims related to underinsured motorist (UIM) coverage from February 10, 2017 (i.e., three years before Box-Robinson submitted her UIM claim) to present. *See* Dkt. No. 12 at 2.

**Interrogatory No. 9.** Box-Robison asks Allstate to identify whether it has "been the subject of any inquiry or complaint to or from the Office of the Insurance Commissioner of the State of Washington relating to" UIM policies in the last ten years. Dkt. No. 25-2 at 12. Allstate objected to this request, arguing the information sought is publicly available. *Id.* at 13. But Allstate cannot avoid its discovery obligations simply by stating that the information requested is publicly available. *See Hill v. Asset Acceptance, LLC*, No. 13CV1718-BEN BLM, 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014) (collecting cases). Box-Robison's motion to compel Allstate's response to Interrogatory No. 9 is GRANTED.

**Request for Production No. 11.** Box-Robison requests a copy of "each and every claim bulletin" that applied to the adjustment of her claims. Dkt. No. 25-2 at 20. She represents that Allstate promised to determine whether there were any responsive bulletins. Dkt. No. 24 a 3-4. After arguing the term "claim bulletin" is vague and ambiguous, Allstate states that no claim bulletins related to Plaintiff's claim exists and that Allstate stopped using them before Box-Robison's claim. Dkt. No. 28 at 10-11. Whatever the case may be, Box-Robison's request to compel Allstate's response to Request for Production No. 11 is GRANTED, and Allstate must update its response to Request for Production No. 11 as appropriate.

**Interrogatory No. 17.** In response to Box-Robison's request for information relating to Allstate's use of "any computerized software or web based program for

ORDER - 7

any part of claims evaluations," Allstate objects, including, because it purportedly seeks "confidential, proprietary, and/or trade secret information." Dkt. No. 25-2 at 23-24. In her motion, Box-Robison represents that Allstate, through counsel, stated during a discovery conference that it "only uses Colossus and he promised to amend this answer to reflect this. This has not been done." Dkt. No. 24 at 4.

Allstate responds that Colossus is only "one of many tools" used by its adjuster to evaluate Plaintiff's claim and Plaintiff already knew about Colossus. Dkt. No. 28 at 10. The Court finds that Box-Robison's requested information could lead to relevant information in support of her claim. Allstate fails to demonstrate why Box-Robison does not have a right to the information requested in Interrogatory No. 17. Thus, her request is GRANTED. The Court has already entered the parties Stipulated Protective Order, which should shield any sensitive or proprietary information from public disclosure. *See* Dkt. No. 22.

**Request for Production No. 15.** Box-Robison requested "copies of all reports, evaluations or other output generated through the use of any computerized software or web based program referenced in which were used in Plaintiff's claims." Dkt. No. 25-2 at 24. Allstate incorporated its objection to Interrogatory No. 17 and indicated that it attached "portions of the claim file for Plaintiff's UIM claim." *Id*. The Court cannot discern why Box-Robison contends Allstate's response remains deficient, and therefore, her request to compel is DENIED.

### 3.3   Allstate's motion to compel.

The Court turns to Allstate's motion to compel:

**Interrogatory No. 2.** Allstate asked Box-Robison to "IDENTIFY all YOUR HEALTH CARE PROVIDERS and pharmacies from January 1, 2012 to present who provided YOU with any care . . . for any condition, injury, illness, or maintenance . . . ." Dkt. No. 33-1 at 5. While this request is vast, Box-Robison did not object that the request is overly broad but referred Allstate to documents produced by stipulation from third parties. *See id.* at 5-6. In its motion, Allstate argues that Box-Robison has not fully responded to this request. Box-Robison claims, in part, that she "cannot produce information about providers who do not exist." Dkt. No. 34 at 12. Box-Robison's medical providers and pharmacies are relevant to Allstate's defense, and Box-Robison did not object to the scope of Allstate's request. *See* Dkt. No. 33-1 at 5.

Allstate's request is GRANTED. Box-Robison must identify all her medical providers since January 1, 2012, to the extent there are any remaining providers to list. If she asserts all providers have been identified in her initial and supplemental responses, she must update her response to Interrogatory No. 2 to certify as much.

**Interrogatory No. 8 and Request for Production No. 24.** Box-Robison did not object to Interrogatory No. 8, which asked her to identify and describe her "damages, harm, or injuries . . . [she] contend[s] were caused by" Allstate. Dkt. No. 33-1 at 28. Box-Robison's response is limited to explaining that her costs relate to the expense of this lawsuit, such as witness fees, and lists Allstate's settlement offers. *Id.* at 29. Allstate contends Box-Robison's response is incomplete, to which Box-Robison responds that she has responded to the interrogatory and "[i]f a motion

ORDER - 9

to compel is granted, there's nothing more Plaintiff could produce." Dkt. No. 34 at 12.

Allstate's motion to compel a response to Interrogatory No. 8 and Request for Production No. 27 is GRANTED. Box-Robison must supplement her response to Interrogatory No. 8 to provide the requested information to the extent that it exists, or certify that all responsive information has been produced.

**Interrogatory No. 12.** Allstate contends Box-Robison failed to respond fully to Interrogatory No. 12, requesting information about her travel. Dkt. No. 32 at 10. The Court disagrees and finds that Box-Robison has responded sufficiently to what is otherwise an overbroad discovery request. Allstate may pursue more information about Box-Robison's travels by deposing her or through other discovery devices. Allstate's motion to compel a response to Interrogatory No. 12 is therefore DENIED.

**Interrogatory No. 15.** Allstate argues that Box-Robison did not sufficiently respond to Interrogatory No. 15 because "she fails to disclose all of the days, times, hours worked, or her responsibilities and activities with the children." Dkt. No. 32 at 10. Except for "hours worked," Allstate contends that Box-Robison did not respond to this request. *See id*. Allstate's request is GRANTED in-part; Box-Robison must update her response to Interrogatory No. 15 to include the number of hours worked in her response.[1]

---

[1] Allstate cites to its Interrogatory No. 13, but it does not appear to be arguing for a response from Box-Robison for this specific Interrogatory. The Court therefore does not consider Interrogatory No. 13.

ORDER - 10

**Requests for production 2-7, 17-20, 23-24, 27-29, 44.** Without identifying the specific deficiencies in Box-Robison's response to specific requests for production, Allstate broadly argues that the Court should compel Box-Robison to "produce photos, videos, and social media [that] relate to, support, or refute her alleged damages or that relate to her travel, hobbies, and daily life." Dkt. No. 32 at 10. Allstate argues that Box-Robison could respond to this request by simply "hav[ing] an e-discovery vendor access her phone, social media accounts, and other relevant devices and electronic storage accounts to collect and produce photos, videos, and social media responsive to Allstate's Requests for Production." Dkt. No. 32 at 13.

Box-Robison argues in response that Allstate's requests are a "fishing expedition," amount to harassment, and Box-Robison's "unfettered access to her digital life" is "an overly broad discovery request that violates the fundamental right of privacy guaranteed by the United States Constitution." Dkt. No. 34 at 13.

"Although a general right to privacy may be raised in response to discovery requests, the federal right to privacy 'is not an absolute bar to discovery.'" *Freitag v. La Jolla Bridge, LLC*, No. 3:21-CV-01642-LAB-AHG, 2022 WL 2079447, at *5 (S.D. Cal. June 9, 2022) (quoting *G&G Closed Cir. Events, LLC v. Cal. Ctr. for the Arts, Escondido, Found.*, No. 20-CV-2137-JLS-NLS, 2021 WL 4690503, at *3 (S.D. Cal. Oct. 7, 2021). Box-Robinson, however, is right about the rest—Allstate's requests are overly broad and must be narrowed.

The Court reserves ruling on Allstate's motion to compel Box-Robison's response to requests for production nos. 2-7, 17-20, 23-24, 27-29, 44, and ORDERS

ORDER - 11

the parties to confer about these requests to reasonably narrow the scope of the discovery sought. The parties' failure to proceed within the discovery rules may result in sanctions.

It is so ORDERED.

Dated this 29th day of March, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 12